UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KRISTY RELLA,

                        Plaintiff,                      **DECISION AND ORDER**

      -against-                                   16-cv-916 (AEK)

WESTCHESTER BMW, INC. et al.,

                        Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      Plaintiff Kristy Rella brings this action against Defendants Westchester BMW, Inc.; BMW of North America, LLC; and Bayerische Motoren Werke Aktiengesellschaft (collectively, "Defendants") based upon an incident in which Plaintiff's vehicle allegedly "burst into flames and exploded." *See* ECF No. 197 at 1. The trial of this matter is scheduled to begin on July 5, 2022. Before the Court is Plaintiff's motion to permit Ms. Rella's parents, Gil and Rosemary Rella (the "Rellas"), to testify at trial. *Id.* For the following reasons, Plaintiff's motion is DENIED, and the Rellas will not be permitted to testify.

## DISCUSSION

### I. Applicable Legal Standard

      After a civil case is initiated and prior to discovery, parties must provide the names and known addresses for "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

harmless." Fed. R. Civ. P. 37(c)(1).  Courts consider four factors in evaluating whether to preclude testimony under Rule 37 for failure to disclose under Rule 26(a):

> (1) the party's explanation for the failure to comply with the discovery [obligation]; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

*Chamberlain v. City of White Plains*, 960 F.3d 100, 117 (2d Cir. 2020).

## II.   Analysis

During a May 11, 2022 conference with the Court, Plaintiff's counsel stated that Plaintiff intended to call the Rellas as trial witnesses.  Plaintiff did not list the Rellas in her initial disclosures made pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, nor did she supplement her initial disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.[1]  Indeed, Plaintiff did not disclose the Rellas as potential trial witnesses at any point prior to the May 11, 2022 conference, *see* ECF No. 198 at 1-2, even though this case has been pending for more than six years, and has been scheduled for trial multiple times.  Accordingly, it is necessary to evaluate the four factors articulated by the Second Circuit to determine whether Plaintiff's failure to timely disclose should preclude Plaintiff from offering the Rellas as witnesses at trial.

---

[1] Plaintiff suggests that her Rule 26(a) disclosures should be read to include the Rellas because Plaintiff "reserved the right to amend[,] modify[,] and/or supplement these initial disclosures." ECF No. 197 at 1 (alteration omitted).  But Plaintiff did not actually do any of these things—an announcement at a pretrial conference that a party plans to call certain witnesses at trial is not an appropriate way to amend or supplement Rule 26(a) disclosures.  In addition, the fact that Defendants' Rule 26(a) disclosures purport to encompass "anyone referred to or mentioned in future deposition testimony," *see id.* (alteration omitted), is not sufficient for *Plaintiff* to have fulfilled her obligations to notify Defendants of the individuals Plaintiff believed would be likely to have discoverable information.  Though it is not the subject of this motion, this vague, blanket statement by Defendants also would not have been a sufficient disclosure if Defendants had been the ones to suggest calling the Rellas as witnesses at trial.

2

Because Plaintiff does not provide any reason for the extremely delayed disclosure, the first factor weighs against allowing the Rellas' testimony. *See Simon v. City of New York*, No. 14-cv-8391 (JMF), 2017 WL 57860, at *6 (S.D.N.Y. Jan. 5, 2017) (first factor "cuts heavily against [the proponent of the late-disclosed testimony], as he does not even attempt to proffer a legitimate explanation for his eleventh hour disclosure"). Instead of explaining the delay, Plaintiff attempts to deflect by asserting that the Rellas "have been known to Defendants since at least March 13, 2018"—the date of Plaintiff's deposition. ECF No. 197 at 2. Plaintiff argues that Defendants were on notice of the Rellas' potential trial testimony at that time because during her deposition, she made a handful of references to her parents. *See id.* The Court disagrees. The fact that certain potential witnesses are mentioned in a deposition does not absolve a party of its obligation to make the disclosures that are required by Rule 26(a)(1)(A)(i), or to supplement those disclosures as required by Rule 26(e). If mere mention of a name in a deposition were sufficient to constitute notice about a potential trial witness to an opposing party, the Rule 26(a)(1)(A)(i) disclosure requirements would be rendered virtually meaningless, and parties would constantly be left guessing about which witnesses they should depose in advance of trial. If anything, Plaintiff's explanation cuts *against* the requested testimony—by Plaintiff's logic, she and her counsel have been aware of these supposedly relevant witnesses since at least March 2018, but for four years failed to take the appropriate steps to identify the Rellas as potential trial witnesses. Plaintiff has not even attempted to justify this four-year delay. Accordingly, the first factor "swings heavily in favor of excluding" the Rellas' testimony. *See Simon*, 2017 WL 57860, at *6.

The second factor likewise counsels against allowing the Rellas' testimony. Plaintiff claims her parents' testimony "is important in order to juxtapose [Plaintiff's] condition before

3

and after her BMW burst into flames and exploded." ECF No. 197 at 1.  But even assuming the relevance of this "juxtaposition," Plaintiff does not elaborate as to how the Rellas' testimony would meaningfully supplement her own testimony, given that Plaintiff is expected to testify and is a percipient witness to her condition before and after the incident.  In addition, Plaintiff intends to present expert testimony regarding her medical and psychological condition in the years after the incident, which also would inevitably overlap to a significant extent with testimony that potentially could be offered by the Rellas.  Under the Federal Rules of Evidence, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Because the Rellas seem poised to present "needlessly [ ] cumulative evidence"—and Plaintiff has not offered any real explanation of the importance of this testimony—the second factor also weighs against allowing these witnesses to testify.

On the other hand, Defendants would be prejudiced if the Rellas were permitted to testify.  Defendants have not had an opportunity to seek discovery from the Rellas, let alone to follow up on any additional avenues for discovery that might have been generated from depositions of the Rellas.  Courts have recognized that late disclosure of a witness in close proximity to trial "is plainly prejudicial" to the party against who the testimony would be offered. *EMA Fin., LLC v. Joey N.Y., Inc.*, No. 17-cv-9706 (VSB), 2021 WL 2822565, at *2 (S.D.N.Y. June 9, 2021) (precluding testimony of witness identified "less than a month before trial" in case where trial had already been delayed substantially).  Thus, the third factor weighs against the additional proposed testimony.

Fourth, and finally, a continuance is not warranted.  The incident that gave rise to this litigation occurred over nine years ago, and the action has been pending since 2016.  Discovery

4

has now been closed for over three years.  The Court was fully prepared to try this case in January 2022, but allowed a lengthy six-month adjournment at the parties' request.  Had this issue been raised months earlier, there may have been an opportunity to reopen discovery without disrupting the trial schedule.  At this point, however, with pretrial submissions due imminently, the Court will not force Defendants to take away from trial preparation time to complete depositions of witnesses who should have been identified properly years ago, and certainly will not further delay this trial.  The fourth factor favors exclusion.

\* \* \* \* \* \* \* \* \*

While Plaintiff is correct to point out that the preclusion of evidence is generally "disfavored," *see* ECF No. 197 at 2 (citing *Kunstler v. City of New York*, 242 F.R.D. 261, 265 (S.D.N.Y. 2007)), all of the factors considered by the Court here support the exclusion of the Rellas as trial witnesses.  There is no dispute that Plaintiff failed to disclose the Rellas as potential witnesses in their Rule 26(a)(1) disclosures, and did not formally supplement those disclosures to add the Rellas as potential witnesses at any point prior to the May 11, 2022 conference.  These failures were not substantially justified or harmless, and accordingly preclusion of the Rellas as witnesses is an appropriate sanction.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion filed at ECF No. 197 is DENIED.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 197.

Dated: May 27, 2022
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge