UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KRISTY RELLA,

                Plaintiff,                    **DECISION AND ORDER**

    -against-                              16-cv-916 (AEK)

WESTCHESTER BMW, INC. *et al.*,

                Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

For the reasons discussed on the record at the June 30, 2022 final pretrial conference, the Court issues the following rulings as to the parties' motions *in limine*:

Defendants' Motions *in Limine*

1. Defendants' motion to preclude use of medical records from Dr. Wilson that were disclosed by Plaintiff on June 6, 2022 is withdrawn, based on the Court's ruling that the parties' mental health experts will be permitted to review these records, meet with Plaintiff, and supplement their opinions accordingly. In light of the anticipated supplemental reports, the Court reserves decision on Defendants' motion to preclude use of the January 7, 2021 IME performed by Barbara S. Baer, Ph.D. Defendants' motion to preclude the June 5, 2022 modification of Dr. Dudley's expert opinion is denied as moot, as Plaintiff has agreed to the relief sought.

2. Defendants' motion to preclude the testimony of Barbara S. Baer, Ph.D. and Rene Lemieux is denied as moot, as Plaintiff has agreed to the relief sought.

3. Defendants' motion to preclude the testimony of Maureen Cabutto and Mary Mekeel is denied.

4. Defendants' motion to preclude evidence and argument related to recalls is granted, subject to the limitation that Plaintiff may introduce such evidence on re-direct examination if Defendants elicit testimony about recalls during their cross-examination of Mr. Bales.

5. Defendants' motion to preclude evidence and argument related to technical service bulletins is granted, subject to the limitation that Plaintiff may introduce such evidence on re-direct examination if Defendants elicit testimony about technical service bulletins during cross-examination of Mr. Bales.

6. Defendants' motion to preclude evidence and argument related to Plaintiff's NHTSA complaint is granted, consistent with the Court's ruling on Plaintiff's motion *in limine* related to spoliation (*see infra* ¶ 14), and Plaintiff's counsel's confirmation that the document was only to be used to address potential spoliation-related issues.

7. Defendants' motion to preclude evidence and argument related to evidence of a manufacturing defect is denied.

8. Defendants' motion to preclude any reference to "loss of enjoyment of life" as a type of damage sustained by Plaintiff is denied.

9. Defendants' motion to preclude any reference to or argument based on the "Golden Rule" is denied as moot, as Plaintiff has agreed to the relief sought.

10. Defendants' motion to preclude any reference or argument under the "reptile theory" or any appeals to the "conscience of the community" is denied without prejudice to making objections regarding this issue should it arise during trial.

11. Defendants' motion to preclude Plaintiff's experts from providing interpretation of BMW internal documents is denied without prejudice to making objections at appropriate times during trial.

12. Defendants' motion to preclude any reference to BMW as "foreign companies," "foreigners," or "German companies" is denied as moot, as Plaintiff has agreed to the relief sought, though as Plaintiff pointed out in her opposition brief, this does not preclude limited reference, if necessary, to the fact that certain documents from BMW were only available in German.

13. Defendants' motion to preclude use of the terms "explode," "explosion," "exploded," "burst," "erupt," "combust," or any like term is denied.

Plaintiff's Motions *in Limine*

14. Plaintiff's motion to preclude Defendants from introducing evidence that the destruction of the vehicle was the result of any intentional or negligent act attributable to Plaintiff or her counsel is granted.

15. Plaintiff's motion to preclude Defendants from introducing evidence or eliciting testimony concerning animal nesting, collision history, and flooding or storm damage as potential alternative theories of causation regarding the fire is denied.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 214 and 220.

Dated: July 1, 2022
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge